UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHOROS GORDON,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>PACIFIC BELL TELEPHONE<br>COMPANY & DOES 1 TO 50,<br><br>　　　　　　Defendants. | No.  2:13-cv-02606-TLN-KJN<br><br>**ORDER** |

This matter is before the Court on Plaintiff Christophoros Gordon's ("Plaintiff") motion for attorney's fees.  (ECF No. 20.)  For the reasons discussed below, the motion is DENIED.

**I.     Background**

Plaintiff filed the complaint in Sacramento County Superior Court on October 15, 2013.  (ECF No. 1-1.)  The complaint alleged that Defendant Pacific Bell Telephone Co.'s ("Defendant") procedure for counting seniority days under its Family Care Leave ("FCL") policy violated California's Family Rights Act, Cal. Gov. Code § 12945.2(g).  (ECF No. 1-1 ¶¶ 8–23.)  The matter was removed to this Court on December 16, 2013.  (ECF No. 1.)  Defendant filed a motion to dismiss on December 20, 2013.  (ECF No. 4.)  The Court deferred ruling on the motion to dismiss pending a ruling on any remand motion filed by Plaintiff.  (ECF No. 10.)  On January 14, 2014, Plaintiff filed a motion to remand, which was granted by this Court on June 16, 2014.

1

(ECF Nos. 14, 19.) Plaintiff now requests attorney fees on the basis that Defendant's removal motion was improper. (ECF No. 20.)

## II. Discussion

Where the court finds removal improper, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Defendant had an objectively reasonable basis for removal under the LMRA. Defendant implicated several components of the collective bargaining agreement ("CBA") that define the FCL policy, including the California and Nevada Working Conditions, the AT&T Pension Benefit Plan, the AT&T West Bargained Leave of Absence Policy, and the Memorandum of Agreement that set forth the Family Care Leave Policy. (ECF No. 1 ¶¶ 7–18.) This Court did not find that pointing to these documents required preemption, because Defendant had not identified any provision within the CBA that required this Court's interpretation. (ECF No. 19 at 8.) However, the arguments raised by Defendant were reasonable and well-supported.

With respect to preemption under ERISA, Defendant had to meet the *Davila* standard: that Plaintiff could at some point have brought the action under § 502(a)(1)(B) of ERISA, and that no legal duty independent of ERISA was implicated by Defendant's actions (here, the action of adjusting an employee's start date forward as a way of implementing the FCL policy). *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004). These arguments were not persuasive. Removal did not meet this standard because Plaintiff was seeking redress for any loss related to "layoff, recall, promotion, job assignment, and seniority-related benefits such as vacation." Cal. Gov. Code § 12945.2(g). There was no emphasis in the complaint on ERISA benefits.

Plaintiff's argument that Defendant should be penalized for attaching voluminous exhibits

to its removal motion is unavailing. (ECF No. 20-1 at 6–7.) These were part of the CBA cited by Defendant in its opposition to the remand motion, and they explained Defendant's removal motion. Plaintiff also argues that Defendant should be penalized for Defendants' refusal to stipulate to a briefing schedule and hearing date for the motion to dismiss. (ECF No. 20-1 at 7–8.) The Court did not require Plaintiff to file an opposition to the motion to dismiss before a ruling on the remand motion. The paperwork filed regarding the motion for a continuance on the dismissal motion was brief. (*See* ECF Nos. 5, 9.) Thus, Plaintiff's arguments regarding the fees associated with litigating that motion are not persuasive.

There was an objectively reasonable basis for Defendant's removal motion, and therefore Plaintiff's request for attorney's fees (ECF No. 20) is DENIED. Plaintiff may submit a bill of costs.

Dated: December 3, 2014

Troy L. Nunley
United States District Judge